181 So. 299

**BURNETTE v. STATE.**

**8 Div. 551.**

Court of Appeals of Alabama.

Feb. 22, 1938.

Rehearing Denied March 8, 1938.

Fred S. Parnell, of Florence, for appellant.

A. A. Carmichael, Atty. Gen., and Wm. H. Loeb, Asst. Atty. Gen., for the State.

**SAMFORD, Judge.**

The defendant was charged, by affidavit, with engaging in the business of a junk dealer without a license, and contrary to law.

There was evidence tending to prove that before the beginning of this prosecution, and after the first day of November, 1936, the defendant operated the business of a junk dealer in the city of Florence, Ala., without having first obtained a license therefor, as provided by Schedule 77, section 348 of the Revenue Law of the State of Alabama, Approved July 10, 1935, Gen. Acts 1935, pp. 256–465.

The evidence for the State tended to make out a case as charged in the complaint, and for that reason the general affirmative charge, as requested by defendant, is properly refused.

The defendant sought to prove that subsequent to the citation issued to him by the license inspector, he had purchased a license as a junk dealer for the city of Florence, for which he paid $75. Any act done by the defendant subsequent to the citation issued in this case could not avail the defendant as a defense, nor would any evidence of this fact be relevant or material to any of the issues here being tried.

The defendant also made effort to introduce evidence as to the population of the city of Florence. This court judicially knows the results of the last federal census, and therefore we know, as did the court below, that the population of Florence was more than 10,000 and therefore subject to the schedule of $75 per annum as a license for doing the business of a junk dealer in said city. 23 C.J. 161 (§ 1987) 19; State v. Joseph, 175 Ala. 579, 57 So. 942, Ann.Cas.1914D, 248. It follows that all of the rulings of the trial court with reference to the population of the city of Florence, Ala., were on immaterial questions which could not have affected the substantial rights of the defendant.

The court did not commit error in permitting the witness Whol to testify that he purchased scrap iron from the defendant, as this related to the business with which the defendant was being charged as operating.

The court did not commit error in refusing to allow the defendant to prove the purchase of a license to do business as a junk dealer in the city of Florence, Ala., subsequent to the beginning of this prosecution.

Under section 353 of the General Revenue Acts of 1935, p. 559 (Simon's Revenue Compilation, p. 443), it is provided in subdivision (c) of section 353 that "all licenses levied by this Act except as otherwise provided shall be due and payable as of October first of each year and shall be delinquent November first thereafter."

It is therefore seen that the junk dealer's license becomes due October first, and when it is due and delinquent any person who does business as a junk dealer prior to the time a license is issued to him, in accordance with the Revenue Law, is subject to the penalty and prosecution as is provided in subdivision (b) of section 353 of the Revenue Law above cited.

If a license is not taken out as required by law, then the procedure is for the license inspector to issue a citation stating that the person has done business without first taking out a license. This citation requires the party doing business to take out a license or pay the penalty required by law.

Under section 353(d) of the Revenue Law, if a citation for failure to take out a license is issued, then the probate judge cannot accept money for the state and county license unless the penalty prescribed by the Legislature in said law is also offered to be paid and is paid by the person applying for the license.

We have examined this record, and have examined each exception raised by the appellant. In the rulings of the court we find no error prejudicial to the defendant's substantial rights. He has had a fair trial. Let the judgment be affirmed.

Affirmed.